EDWIN STERNBERGER, as executor and surviving trustee under the will of Simon Sternberger, deceased, petitioner,

*v.*

MARY B. TUNISON, individually and as executrix of Edwin M. Wight, deceased, and EDWARD CLAXTON, defendants.

[Submitted June 8th, 1920.   Decided June 25th, 1920.]

1. A surviving executor and trustee under a will given a power of sale can maintain proceedings against a creditor of a legatee to secure the discharge of a notice of *lis pendens* as a cloud on the title of the estate, and incidentally for a construction of the will though all persons interested in the will are not made parties to the cause.

2. Such proceedings may be instituted by petition by the executor without his becoming a party to the suit in relation to which the notice of *lis pendens* is filed.

3. Such proceedings may be maintained under the general powers of the court to remove a cloud on a title, and also under sections 7 and 9 of the Chancery act of 1915, and the notice may be discharged, in so far as it affects the title to the lands belonging to the estate, with provisions protecting the rights of the judgment creditor against the interest of the debtor in the proceeds of the sale of such lands.

On bill, &c.

*Messrs. McDermott & Enright,* for the petitioner.

*Mr. Randolph Perkins,* for the defendant Edward Claxton.

FOSTER, V. C.

The primary purpose of this proceeding is to secure the discharge óf a notice of *lis pendens* filed by the defendant Edward Claxton in the offices of the clerks of Union and Monmouth counties, under a judgment obtained by him in December, 1915, against Morris S. Sternberger, one of the sons of Simon Sternberger, deceased, and in connection with a bill filed by him in this court on March 19th, 1916, against Mary B. Tunison and

Morris S. Sternberger, to set aside certain conveyances made by Morris S. Sternberger to Edwin B. Wight, and incidental to this relief the construction of certain provisions of the last will and testament of Simon Sternberger, deceased, is sought; and instructions are asked relative to the power and duty of complainant as executor and surviving trustee of the decedent.

The cause was submitted on the pleadings and a stipulation of counsel and on some proofs taken in court, from which it appears that Simon Sternberger, whose domicile was in New York, died testate about July 15th, 1895, leaving his widow and eight children, including complainant and said Morris S. Sternberger, surviving; that complainant and his mother, Pauline Sternberger, duly qualified as executors and trustees; that the will, after providing for the payment of debts and funeral and testamentary expenses, gave a number of legacies to various societies and bequeathed the household furniture to his widow; the residue of the estate is given to the executors in trust, and the income thereof, to the extent of $6,000, was to be paid annually to the widow, and the remainder, if any, to his children, and the issue of any deceased child. Upon the death of the widow this residue was devised and bequeathed to his children and the issue of any of the children who predeceased the testator; charging, however, against the share of the children any advancements made to them respectively. Mrs. Sternberger, the widow and annuitant, died on March 4th, 1915, and it is estimated that the present value of the personal estate is about $1,500, and that the value of the real estate is estimated at $295,500, and that the total assets of the estate, including advancements made to the children, are $386,820. Included in these advancements is the sum of $23,270 advanced to said Morris S. Sternberger.

By the seventeenth paragraph of the will testator authorizes and empowers such of his executors as shall qualify, whether acting as executors or trustees, at any time in their discretion to sell all or any part of the real property at public or private sale.

By a proceeding in the supreme court of the State of New York, in February, 1919, in which complainant was the plaintiff and Morris S. Sternberger and others, including the defendant

Claxton, were defendants, it was determined, among other matters, that Morris S. Sternberger is entitled to a one-eighth interest in the estate of Simon Sternberger, on the termination of the trusts created under the tenth, eleventh and twelfth paragraphs of the will, after charging against such interest advances in the sum of $23,270, and after satisfying thereout the liens decreed to exist against his said interest; among these liens was the judgment of the defendant Edward Claxton, on which was declared due $1,601.37, with interest from December 14th, 1915.

It was also determined in that proceeding that a conversion of necessity took place on the death of the annuitant, Mrs. Pauline Sternberger, to enable distribution of the residuary estate to be made, and that in order to effectuate the intent of the testator, with respect to such distribution, the power of sale conferred by the will continues in complainant as executor and surviving trustee and should be exercised by him.

Petitioner now desires to exercise this power of sale and to dispose of the real estate of testator in this state for the purpose of effecting a conversion of it that will enable him to make the distribution directed by the will, but he finds himself embarrassed and prevented from doing so by the *lis pendens* filed by Mr. Claxton, which title companies and others interested regard as a cloud upon the title. Petitioner does not question the validity of the Claxton judgment, nor does he dispute that it should attach to the interest of Morris S. Sternberger in the proceeds of any sale of the real estate that may be made, but he insists that the *lis pendens* and the lien claimed by virtue of it affect only the property of Morris S. Sternberger, and not the property of testator, and that the defendant Claxton should be required to look to the interest of Morris S. Sternberger in its converted form and should not be permitted by his *lis pendens* to injure or affect the title to the real estate of the testator. The theory of his petition based on the judgment of the court in New York being that a conversion of necessity of testator's realty has taken place and that the lien of the Claxton judgment and *lis pendens* has been transferred to the proceeds of sale; and it appears from the facts, and it is not disputed, that a sale of the realty for

11

cash is the only practicable and satisfactory legal way to effect a division of the estate after deducting, or crediting, the advancements made to the children.

The defendant Mary B. Tunison has offered no objection to these proceedings and permitted a decree *pro confesso* to be entered against her individually and as executrix on February 10th, 1920.

The defendant Claxton opposes the relief sought, and insists that these proceedings are irregular, although it is admitted that Claxton has nothing to do with the estate of Simon Sternberger as such. On behalf of Claxton it is contended that the petition seeks the construction of a will in proceedings to which none of the persons in interest are parties; that the present application should have been made in the suit pending in this court between Claxton and Morris S. Sternberger, and in which neither this complainant nor the Sternberger estates are parties, and that the court is without jurisdiction to grant the relief sought.

Regarding the first objection it is sufficient to say that any construction placed upon the will in these proceedings cannot injuriously affect the rights or be binding upon any of the parties in interest who are not parties to the proceedings, and it may be added that for the purposes of these proceedings the determination of the supreme court of New York will be followed and it will be held that on the death of the annuitant a conversion of necessity took place to enable a distribution of the residuary estate to be made as directed by the will, and that for the purpose of effecting such conversion and distribution, the power of sale conferred by the will rests in complainant as surviving executor and trustee and should be exercised by him.

To sustain defendant's second objection, it would be necessary that complainant and the Sternberger estate should be made parties in the suit between Claxton and Morris S. Sternberger, which relates to matters in which they have no interest, as it is an action to set aside, as in fraud of creditors, certain conveyances of real estate made by Morris S. Sternberger to Edwin M. Wight some time before the death of Simon Sternberger and in which he did not have any interest.

The objection to the jurisdiction of the court is, however, the one principally relied on to defeat the relief sought.

The proceedings are apparently brought under the general power of the court to remove a cloud upon title. See *4 Pom. Eq. Jur.* §§ *1398, 1399,* and also under sections 7 and 9 of the Chancery act of 1915 (*P. L. 1915 p. 184*), and the insistment on behalf of the defendant is that petitioner's claim that because of the *lis pendens* purchasers would not accept title to decedent's lands in this state, and that title companies would not insure the title thereto, is not sufficient to give the court jurisdiction in this proceeding that can affect Claxton's rights. This contention gives rise to the question, What are Claxton's rights? Has he the right because he holds an unsatisfied judgment against Morris S. Sternberger, who may or may not receive from the final settlement of his father's estate, after deducting the advancements made him, his one-eighth interest therein (and which is subject to the lien of Claxton's judgment), to maintain of record a notice of *lis pendens* injuriously affecting the title of lands belonging to the estate, and if he has no such right, is the representative of the estate without remedy to have this cloud upon the title removed? The cited sections of the act of 1915 clearly furnish the answer, for they authorize any person claiming a right under a deed, will or other written instrument to apply for a construction thereof, so far as the same affect such rights, and for a declaration of the rights of the persons interested.

The first section of the act provides that it shall be liberally construed, and Chancellor Walker, in *In re Ungaro, 88 N. J. Eq. 25,* held that this means to advance the remedies given in and by it. And the same view of the act was taken in *Renwick* v. *Hay, 90 N. J. Eq. 148,* and *Town of Kearny* v. *City of Bayonne, 90 N. J. Eq. 499.*

Having found from the facts that there was a conversion by necessity, and that complainant could and should exercise the power of sale given him by will, it follows that complainant must be entitled to apply to the court for any remedy that will protect him in the exercise of the rights claimed by him under the will.

This conclusion is not only justified by the facts presented, but also by the limitations that can and should be imposed in granting complainant relief, because it can be provided in the decree that the lien of the judgment shall attach to the proceeds of the sale of any lands of the estate in which Morris S. Sternberger has an interest, as fully as it could attach to the land itself, and all rights of Claxton under his judgment against Morris S. Sternberger will then be preserved to him both in this state and in New York. To refuse the relief sought will prevent complainant from selling the lands of the estate and making distribution of the proceeds of their sale among the parties entitled thereto (none of whom, with the exception of Morris S. Sternberger, are in any way liable for the Claxton-Sternberger judgment), as the personal estate in the hands of complainant is not sufficient to pay the amount of the judgment, were he inclined to take an assignment of it, in order to remove this cloud upon the title to the lands of the estate.

In so far as the notice of *lis pendens* in any way affects the title to the lands of which Simon Sternberger died seized, a decree will be advised, as prayed for by complainant, which shall not, however, in any way impair or prevent the lien of Claxton's judgment attaching to any share or interest Morris S. Sternberger may have in the proceeds of the sale of any or all such lands; and, furthermore, which shall in no way affect the force and effect of such notice of *lis pendens* against any lands or interest therein (except lands of the estate of Simon Sternberger) which Morris S. Sternberger may own or be entitled to in any way.

The terms of the decree can be settled on three days' notice.