SILBERSTEIN v. SILBERSTEIN.

1. LIS PENDENS—DIVORCE—PARTIES—VACATING LIS PENDENS.
   Mother who was not party to son's divorce suit may maintain
   bill in chancery to discharge *lis pendens* on her property re-
   corded in connection with said suit by son's wife.

2. MOTIONS—PROVINCE OF PRELIMINARY ORDER.
   It is province of preliminary order to maintain *status quo.*

3. LIS PENDENS—ORDER VACATING LIS PENDENS MUST BE BASED ON
   SHOWING OF FACTS WARRANTING IT.
   Order of court vacating *lis pendens* would be justified to prevent
   loss occasioned through prevention of proper financing of
   buildings, but said order must be based on showing of facts
   warranting it.

4. SAME—INSUFFICIENT SHOWING.
   Where allegations of bill to vacate *lis pendens* were general, and
   allegations in defendant's verified answer contained grave and
   undenied charges, showing justifying order vacating *lis pen-
   dens* was not made.

5. SAME—SHOULD BE SPECIFIC.
   Order vacating *lis pendens, held,* subject to objection that it is
   not specific in terms.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted October 30, 1930. (Docket No. 106, Calendar
No. 35,174.) Decided December 2, 1930.

Bill by Mary Silberstein against Bessie Silber-
stein to remove a notice of *lis pendens.* From an
order for plaintiff, defendant appeals. Reversed.

*Colombo, Colombo & Colombo,* for plaintiff.

*Friedman, Meyers & Keys* (*Sylvan Rapaport,* of
counsel), for defendant.

FEAD, J. Plaintiff filed this bill to require defendant to remove and discharge of record a notice of *lis pendens,* recorded in connection with a suit for divorce brought by defendant against Joseph Silberstein, who is plaintiff's son.

Plaintiff alleged that she owns the property described in the notice; that Joseph has no interest in it, as defendant well knows; that plaintiff has erected two buildings thereon; that before the filing of notice of *lis pendens* she negotiated mortgages in the sum of $85,000 and $45,000, respectively, to finance them, but cannot close the transactions because of the *lis pendens;* that materialmen and laborers are clamoring for their pay; and that defendant caused the notice of *lis pendens* to be recorded maliciously and for the purpose of hindering and inconveniencing plaintiff. Plaintiff did not mention her relationship to Joseph or defendant nor set up the cost of the buildings or any details of the financing. Her bill is very general in its charges.

Defendant filed a verified answer to an order to show cause why a mandatory injunction should not issue to require her forthwith to discharge the *lis pendens,* charged that Joseph owns part or whole interest in the various parcels described, that he and not plaintiff erected the buildings, that he conveyed the property to plaintiff without consideration by antedated deeds and upon a fraudulent conspiracy with plaintiff to prevent defendant from subjecting the property to her claims for dower and alimony in the divorce suit; that in a special proceeding in such action plaintiff refused to answer any questions regarding her financial relationship with her son; and that plaintiff is wealthy and financially able to pay any claims against the buildings without recourse to mortgages.

On the bill and answer, and without testimony or affidavits, the court ordered the defendant to vacate the *lis pendens* of record and,—

"after the recording of the proposed mortgages now contemplated by plaintiff, that the defendant shall have the privilege of filing a *lis pendens* subject to the then existing mortgages."

Plaintiff, not being a party to the divorce suit, may maintain a bill in chancery to discharge the *lis pendens* upon her property. *Sternberger* v. *Tunison,* 92 N. J. Eq. 159 (111 Atl. 309).

It is the province of a preliminary order to maintain the *status quo.* The court would be justified in protecting plaintiff and the property from loss occasioned through prevention of proper and *bona fide* financing of the buildings by recording the notice of *lis pendens.* But an order must be based upon a showing of facts warranting it. The general allegations of the bill and the grave and undenied charges of the defendant do not constitute such a showing. The order made is also subject to the objection that it is not specific in terms. The order will be set aside, with costs to defendant, but without prejudice to further proceedings.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred. BUTZEL, J., did not sit.